UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

2008 NOV 13 P 1: 42

| | |
|---|---|
| Jerome Addison, # 243778, | ) C/A No. 2:08-3717-HFF-RSC |
| | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) **Report and Recommendation** |
| | ) |
| Circuit Court Administration; | ) |
| Ninth Judicial Circuit; | ) |
| David Schwacke; | ) |
| Christina Theos; | ) |
| Hon. Daniel Pieper; | ) |
| Julie J. Armstrong; | ) |
| South Carolina Department of Corrections; and | ) |
| McKither Bodison, Warden of Lieber Correctional Institution, | ) |
| | ) |
| | ) |
| Respondents. | ) |
| | ) |

### Background of this Case

This is a habeas corpus action filed by a state prisoner pursuant to 28 U.S.C. § 2254.[1]  The petitioner is an inmate at the Lieber Correctional Institution of the South Carolina Department of Corrections (SCDC).  The petitioner is serving a life sentence for kidnapping and assault and battery with intent to kill.  The petitioner's convictions

---

[1]Although the main pleading in this case is on a Section 1983 complaint form, this is an action seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 because the relief requested is a writ of habeas corpus.

1

were entered in the Court of General Sessions for Charleston County in September of 1997. *See State v. Addison*, 338 S.C. 277, 525 S.E.2d 901 (S.C.Ct.App. 1999), *affirmed in part and modified in part*, 343 S.C. 290, 540 S.E.2d 449 (2000).[2]

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review[3] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se*

---

[2]The jury in the Court of General Sessions for Charleston County acquitted the petitioner of first-degree criminal sexual conduct. *State v. Addison*, 338 S.C. at 279 n. 1, 525 S.E.2d at 902 n. 1.

[3]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

2

filing);[4] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

With respect to his convictions for kidnapping and assault and battery with intent to kill, the petitioner's sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, which can be sought only after he has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971); and *Braden*

---

[4]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

*v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973) (exhaustion required under 28 U.S.C. § 2241). Although the petitioner has exhausted his state remedies, he has, in the case at bar, submitted a successive petition.

In *Jerome Addison v. State of South Carolina, et al.*, Civil Action No. 2:00-2557-12AJ,[5] the petitioner on August 22, 2000, brought a Section 2254 action to challenge his convictions for kidnapping and assault and battery with intent to kill. In an order filed on August 22, 2000, the undersigned granted the petitioner's motion to proceed *in forma pauperis* and directed the respondents to file an answer. After receiving an extension of time, the respondents on December 28, 2000, filed a motion to dismiss or, in the alternative, motion for summary judgment.

The undersigned on January 4, 2001, issued a *Roseboro* order to apprise the petitioner of dispositive motion procedure. *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). The petitioner responded to the *Roseboro* order on January 12, 2001. In a Report and Recommendation filed in Civil Action 2:00-2557-12AJ on January 26, 2001, the undersigned recommended that the respondents' motion to dismiss or, in the alternative, for summary judgment be granted.

---

[5]Two prior habeas corpus actions filed by the petitioner — *Jerome Addison v. State of South Carolina, et al.*, Civil Action No. 2:00-2149-17AJ (involving the convictions at issue in the above-captioned case), and *Jerome Addison v. Parker Evatt, et al.*, Civil Action No. 3:90-2693-17AJ (involving an unrelated conviction), were dismissed *without prejudice* for failure to exhaust state court remedies.

The parties in Civil Action No. 2:00-2557-12AJ were apprised of their right to file timely written objections to the Report and Recommendation and of the serious consequences of a failure to do so. On February 7, 2001, the petitioner filed timely written objections to the Report and Recommendation.

In an Order filed in Civil Action No. 2:00-2557-12AJ on August 7, 2001, the Honorable C. Weston Houck, United States District Judge, adopted the Report and Recommendation and granted the respondents' motion to dismiss or, in the alternative, motion for summary judgment.

No appeal was filed in Civil Action No. 2:00-2557-12AJ. The petitioner's petition for writ of mandamus with respect to Civil Action No. 2:00-2557-12AJ was denied by the United States Court of Appeals for the Fourth Circuit on August 17, 2001. *In Re Addison*, 17 Fed.Appx. 95, 2001 U.S.App. LEXIS 18697, 2001 WL 946590 (4th Cir., Aug. 17, 2001).

The standard for determining whether a petition is successive appears in *Slack v. McDaniel*, 529 U.S. 473, 485-89 (2000) (to qualify as "successive" petition, prior petition must have been adjudicated on the merits). *See also Tyler v. Cain*, 533 U.S. 656 (2001) (Section 2244(b) applies when first habeas corpus petition adjudicated on the merits was filed prior to enactment of AEDPA and second petition was filed after enactment of AEDPA). Since Civil Action No. 2:00-2557-12AJ was decided by summary judgment, the petition in the above-captioned case (Civil Action No. 2:08-3717-HFF-RSC) is successive.

5

This court may take judicial notice of Civil Action No. 2:00-2557-12AJ. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); and *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties.").

The § 2254 petition in the above-captioned case is subject to dismissal because it is a successive petition. *Miller v. Bordenkircher*, 764 F.2d 245, 248-50 & nn. 3-5 (4th Cir. 1985). *See also McClesky v. Zant*, 499 U.S. 467 (1991); *Bennett v. Angelone*, 92 F.3d 1336 (4th Cir. 1996); and *Armstead v. Parke*, 930 F. Supp. 1285 (N.D. Ind. 1996), *affirmed*, 116 F.3d 1482 [Table], 1997 U.S.App. LEXIS 14835, 1997 WL 345896 (7th Cir., June 13, 1997); and 28 U.S.C. § 2244(b). *See also Aloe Creme Laboratories, Inc. v. Francine Co.*, where the United States Court of Appeals for the Fifth Circuit commented:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

*Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d at 1296.  *See also United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992).

In any event, there is no indication in the present petition that the petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the petition in the above-captioned case. *See* Rule 9 of the Section 2254 Rules.  Leave from the United States Court of Appeals for the Fourth Circuit is now required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive § 2254 petitions.  Before the petitioner attempts to file another petition in the United States District Court for the District of South Carolina, he **must** seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth Circuit.  The petitioner can obtain the necessary form for doing so from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit in Richmond, Virginia.[6]

---

[6]*See* Section 106 of the Anti-Terrorism and Effective Death Penalty Act of 1996, Public Law 104-132, 110 U.S.Stat. 1214 (1996), which is codified at 28 U.S.C. § 2244:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.
>
> (b)(1) A claim presented in a second or
> (continued...)

7

(...continued)
successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of

(continued...)

The five-page form for seeking leave to file a successive petition is entitled a "Motion for Authorization to File Successive Application under 28 U.S.C. § 2244." The mailing address of the Clerk's Office of the United States Court of Appeals for the Fourth Circuit is 1100 East Main Street — Suite 501, Richmond, Virginia 23219-3517.[7]

---

(...continued)
> the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
>
> (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

[7]Even if this court had treated the above-captioned case as a civil action filed pursuant to 42 U.S.C. § 1983, it would have been subject to summary dismissal under *Heck V. Humphrey*, 512 U.S.C. 477 (1994), and because the individual defendants listed in the caption of the original pleading are immune from suit. Moreover, mandamus relief is not available against the respondents. *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587-88 (4th Cir. 1969).

9

## *Recommendation*

Accordingly, it is recommended that the § 2254 petition be dismissed *without prejudice and without requiring the respondents to file a return.* *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) ("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); *Baker v. Marshall*, 1995 U.S.Dist. LEXIS 4614, *2-*3, 1995 WL 150451 (N.D. Cal., March 31, 1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.  The petitioner's attention is directed to the important notice on the next page.

November 13, 2008
Charleston, South Carolina

Robert S. Carr
United States Magistrate Judge

10

## Notice of Right to File Objections to Report and Recommendation

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).